D. KIRKPATRICK et al. v. ANNE WARD et al.

REGISTRATION. *Mortgages. Priorities. Notice.* Ordinarily the mortgage first registered has priority over a previous one unregistered; but if the second mortgagee had notice of the first mortgage at the time of taking his mortgage, he will not be preferred, even though both were taken to secure pre-existing indebtedness.

FROM GREENE.

Appeal from the Chancery Court at Greeneville. H. C. SMITH, Ch.

R. M. McKEE for complainants.

H. H. INGERSOLL for defendants.

FREEMAN, J., delivered the opinion of the court.

This is a contest between two sets of creditors as to priority under two deeds of trust. The facts are that the first deed of trust was made and acknowledged on the 28th of December, 1876, but not registered, or noted for registration, until the morning of the 29th of the same month. sThe econd deed was made on the evening of the 28th, and registered at 11 o'clock at night. It is therefore prior in date of registration to the first. Both deeds are made to secure pre-existing debts. Nothing more appearing, this would end the controversy. But it is alleged, and proven, that the beneficiary and trustee in the second deed had notice of the existence of the first. That this is true there can be no doubt. It is insisted, however, that the party to the latter deed, it being a pre-existent debt, should not be held to be a purchaser, but only a creditor, and therefore not onerated with the burdens of a purchaser, consequently not to be affected by the provision of the Code, sec. 2074, that "any of said instruments, first registered or noted for registration, shall have preference over one of an earlier date, but noted for registration afterwards; unless it is proved in a court of equity, according to the rules of said court, that the party claiming under a subsequent instrument had full notice of the previous instrument." The argument is ingeniously pressed on us, that notice in such a case should not affect a creditor taking such

security.    Our decisions, however, we deem conclusive against the position, and we see no reason to break in upon precedent on such a question.

In the case of *Knowles* v. *Masterton et al.* and *Vance* v. *Masterton*, 3 Hum., 618, the contest was between two deeds of trust, or mortgages, given to secure pre-existent debts, as in this case, the parties to the last made, but first registered deed, having notice of the existence of the former.    The court say:    " The effect of this knowledge is expressly declared in the 6th section of the act of 1831, ' that if any such party had notice under this provision, and proven as argued, such party should be postponed to the deed of which he had notice.'    The object of the act is to make the deed first proved and registerd paramount and exclusively effective, subject only to be controlled in a court of chancery, as against a subsequent purchaser by his knowledge of a prior incumberance.    But it is argued," adds the court, " that mortgagees are not purchasers within the meaning of the statute.    They are specifically named in the 1st section; and the 6th and 12th sections, in declaring the legal effect of registration and non-registration, distinctly refer to all the instruments set forth in the 1st section.    The case, *Myers* v. *Ross*, 3 Head, 62, is a precisely similar case, where the same rule is announced by this court." It is scarcely necessary to say that the Code has made no change in our registration laws on this subject, or that a deed of trust and mortgage stand on the same footing, and are substantially the same in their nature under our system.    It may be there is some incon-

Kirkpatrick *v.* Ward.

gruity between the principle thus held, and other well established rules in our State, as to the rights of a creditor, but we do not deem it necessary to attempt to reconcile these at present. It suffices that we recognize the above as the established law and follow it.

We may add, that if a purchaser who takes a conveyance, after paying his money, would be postponed by reason of notice, there can be no very good reason shown why a party shall stand higher than he, who only takes his conveyance to secure a debt, and parts with nothing. The creditor can only be a purchaser, without having paid anything for the title he has received. Following the cases cited, we hold the latter deed must be postponed to the former, notwithstanding it was registered first.

We do not think Betterton can claim anything under the first deed, though named in it as a beneficiary. He has certainly, by attempting to override it, by obtaining a second conveyance, and insisting on it, disaffirmed all rights under the first, as he had the right to do, and in acting as he has he did so at his peril, and must take the consequences of his own conduct. The chancellor so held and we affirm his decree with costs.